UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **Melissa Mobley,** | ) | |
| **Plaintiff,** | ) | CA 08 296 ML |
| **vs.** | ) | **CASE No:** **MDL Docket No. 07-1842-ML** |
| **Davol, INC., and C.R. Bard, INC.,** | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

## COMPLAINT

### Parties

1. Plaintiff Melissa Mobley, born 5/1/72, is a citizen and resident of the State of South Carolina.

2. Defendant Davol Inc. ("**Davol**") is incorporated and has its principal place of business in Rhode Island. It manufactures the Composix® Kugel Mesh Patch ("**Kugel Patch**") at Davol, Inc., Sub. C.R. Bard, Inc., 100 Sockanossett Crossroad, Cranston RI 02920. Davol has a registered agent in Rhode Island at CT Corporation System, 10 Weybosset St., Providence, Rhode Island. Davol focuses its business on products in key surgical specialties including hernia repair, hemostasis, orthopedics, and laparoscopy.

3. Defendant C. R. Bard Inc. ("**Bard**") is incorporated in New Jersey. It is the corporate parent/stockholder of Davol and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies Davol with material that forms part of the Kugel Patch. Bard at all relevant times did substantial and continuous business in the State of Rhode Island.

## Jurisdiction

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and because this is an action by an individual Plaintiff who is a citizen of a different state from all Defendants.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391. Defendants are located in this District, manufactured and advertised the Kugel Patch in this District, received substantial compensation and profits from sales of Kugel Composix Hernia Patches in this District, and made material omissions and misrepresentations and breached warranties in this District.

## Facts

6. Defendant Davol designed, manufactured and distributed the Kugel Patch hernia repair mesh that was inserted into Plaintiff's body.

7. Defendant Davol, through its agents, servants and employees, participated in the manufacture and delivery of the Kugel Patch that was implanted into Plaintiff's body.

8. The Defendants submitted their 510k device approval application to the Federal Drug Administration ( "**FDA**") on January 22, 2001. Following this application, the Composix Kugel Patch was authorized by the FDA as a Class II medical device.

9. On July 23, 2003 Plaintiff was implanted with an 8x10" Large Oval Composix Kugel mesh by Dr. J.B. Parramore at Greenwood Surgical Associates in Greenwood, South Carolina to repair an incisional hernia.

10. Plaintiff's Kugel mesh was, on information and belief, included in the Defendants'

recall.

11. During or after mesh implantation, the Memory Recoil Ring cracked and broke, causing extreme pain.

12. On September 9, 2006 Plaintiff's defective Kugel patch required surgery to remove the ring.

13. The Kugel mesh implanted in Plaintiff was designed, manufactured, sold and distributed by Davol to be used by surgeons for hernia repair surgeries and was further represented by Davol to be an appropriate, cost-effective and suitable product for such purpose.

14. An FDA Class I recall is issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to the health of the patients implanted with the devices.

15. On December 22, 2005, Davol recalled many product size lines of the Composix Kugel Patch under a Class I recall notice.

16. The Kugel Patch was recalled due to faulty welds in its clear plastic "memory recoil ring" that can break or fail when bent during implantation or later patient activity. Victims' repair doctors have reported migration of broken ring sections, intestinal fistulae, bowel perforation and even death.

17. On March 24, 2006, the initial Class I recall on the Kugel Patch was expanded to include more product size lines and additional production lots of the patch.

18. On January 10, 2007, the FDA recall was again expanded to encompass further production lots of the defective hernia mesh product.

19. Upon information and belief, Plaintiff's patch failure was caused when a section of

the Kugel patch's Memory Recoil Ring bent or broke, and/or the patch delaminated or oxidized.

20. Plaintiff has suffered and will continue to suffer physical pain and mental anguish from the defective Kugel patch.

21. Plaintiff has incurred substantial medical bills and lost wages due to the Kugel Patch injury.

22. Davol and Bard withdrew a large number of Kugel Patches from the market as a result of the high complication and failure rate of the product.

23. Upon information and belief, Davol and Bard failed to comply with the FDA application and reporting requirements for gaining approval of the Kugel patch.

24. Upon information and belief, Davol and Bard were aware of the high degree of complication and failure rate associated with the Kugel Patch before it was recalled.

25. Upon information and belief, Davol and Bard were aware of the defect in manufacture and design prior to the recall of their Kugel Patch.

26. Upon information and belief, the complications and failures associated with the Kugel Patches are not limited to the sizes which Davol and Bard has already recalled.

27. Upon information and belief, Davol and Bard were aware of the defect in manufacture and design of the non-recalled Kugel Composix Patch sizes and chose not to issue a recall on all Kugel Composix Patches despite the high degree of complication and failure rates.

## COUNT I
## Negligence

28. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

29. Davol and Bard at all times mentioned had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Kugel Patch.

30. Davol and Bard at all times mentioned knew or should have known that the Kugel Patch was not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold supplied, prepared and/or provided with the proper warnings, and were unreasonably likely to injure users.

31. Davol and Bard so negligently and carelessly designed, manufactured, tested, inspected, packaged, labeled, distributed, recommended, displayed, sold, examined, and supplied the Kugel Patch, that it was dangerous and unsafe for its intended purpose.

32. Davol and Bard were aware of the probable consequences of the Kugel Patch defect. Davol and Bard knew or should have known the Kugel Patch would cause serious injury; they failed to disclose the known or knowable risks associated with the Kugel Patch. Davol and Bard willfully and deliberately failed to avoid those consequences, and in doing so, Davol and Bard acted in conscious disregard of the safety of Plaintiff.

33. Defendants Davol and Bard had a duty to adequately warn Plaintiff's treating physicians of the risks of breakage, separation, tearing and splitting associated with the Kugel Patch and the resulting harm and risk it would cause patients.

34. Defendants Davol and Bard breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Kugel Patch.

35. As a direct and proximate result of the duties breached, the Kugel Patch used in

Plaintiff's hernia repair surgery failed, resulting in Plaintiff suffering pain and harm.

36. As a direct and proximate result of Davol's and Bard's negligence, Plaintiff has suffered injuries and damages.

37. Defendants Davol and Bard were negligent in the manner described above.

38. Davol's and Bard's conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in a sum which will serve to deter Davol, Bard and others from similar conduct in the future.

**Wherefore**, Plaintiff requests judgment against Davol and Bard for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other relief that this Court may deem just and appropriate.

**COUNT II**
**Violation of Rhode Island Deceptive Trade Practices Act**

39. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

40. Defendants Davol and Bard engaged in unfair and deceptive trading practices with the Plaintiff in the following respects:

41. Defendants Davol and Bard are merchants, who study, test, design, develop, manufacture, inspect, produce, market, promote, advertise, distribute and/or sell the Kugel Patch for hernia repair surgery.

42. Defendants Davol and Bard knowingly committed unfair and deceptive practices in their study, test, design, development, manufacture, inspection, production marketing, promotion, advertising, distribution and/or sale of the Kugel Patch for hernia repair surgery.

43. Defendants Davol and Bard knowingly committed unfair and deceptive practices when they failed to safely design and construct an effective Kugel Patch for hernia repair surgery.

44. While Defendants Davol and Bard knew or reasonably should have known that some Kugel Patches were at risk while they were engaged in the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and or selling of the Kugel Patch for hernia repair surgery, specifically that the "memory recoil ring" upon being subjected to stress after placement in the intra-abdominal space posed a significant risk of breakage, separation, migration, tearing and splitting that posed the danger of severe harm and death to patients.

45. Davol and Bard did not inform the FDA prior to December 2005 of its knowledge concerning the dangers posed to patients of its Kugel Patches which were susceptible to failure and subject to the Class I recall.

46. Davol and Bard did not inform the public at large prior to December 2005 of its knowledge concerning the dangers posed to patients of its Kugel Patches which were susceptible to failure and subject to the Class I recall.

47. Davol and Bard failed to give adequate warnings regarding the use and potential problems with such patches used for hernia repair.

48. Davol's and Bard's actions occurred while they were engaged in trade and commerce, and all of the conduct occurred during the course of their business.

49. Davol's and Bard's conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge that they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Davol, Bard and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against Davol and Bard for damages in a sum as permitted by statute together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

**COUNT III**
**Strict Product Liability**

50. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

51. Defendants Davol and Bard are strictly liable to Plaintiff in the following respects:

52. Davol and Bard designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel Patch for hernia repair surgery.

53. The Kugel Patches were defective because they failed to perform safe and effectively for the purpose they were originally designed. Plaintiff's Kugel Patch was a Class I recalled device that failed while inside the body, causing serious physical complications which required subsequent, painful and unnecessary removal surgery of the Kugel Patch.

54. At all times mentioned, the Kugel Patch was substantially in the same condition as when it left the possession of Davol.

55. The Kugel Patch implanted into Plaintiff was being used in a manner reasonably

anticipated at the time it was sold by Defendants

56. The Kugel Patches, like the one found in Plaintiff, at the time they left the possession of Davol and Bard had a defective manufacture and/or defective design unreasonably dangerous for their intended use and presented an unreasonable risk of danger and injury to Plaintiff as follows:

i. The Kugel Patch was sold in a defective condition by design and manufacture;

ii. The Kugel Patch as designed and manufactured was unsafe to Plaintiff;

iii. The Kugel Patch as designed and manufactured was unreasonably dangerous to Plaintiff;

iv. The Kugel Patch did not perform safely as an ordinary consumer/patient, like Plaintiff, would expect;

v. The Kugel Patch as designed and manufactured was unsafe for its intended use;

vi. Davol and Bard failed to warn the end user about the dangers and risks of the product;

vii. Davol and Bard knew the component parts of the Kugel Patch as implemented through design and/or manufacture could cause injury to the end user;

viii. Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Kugel Patch to withstand the foreseeable stresses they would be subject to within the intra-abdominal space;

ix. Failing to avoid migration of the Kugel Patch and/or its components from the initial site of the hernia repair surgery.

x. Any other acts or failures to act by Davol or Bard regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Kugel Patches for hernia repair surgery as will be learned during discovery.

57. Davol's and Bard's conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Davol, Bard and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against Davol and Bard for damages in a sum as permitted by statute together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

**COUNT IV**
**Negligent Infliction of Emotional Distress**

58. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

59. Defendants Davol and Bard are liable to Plaintiff for the negligent infliction of emotional distress in the following respect:

60. Plaintiff suffered severe emotional distress, which was as a result of Defendant's negligent conduct in studying, designing, developing, testing, inspecting, manufacturing, producing,

advertising, marketing, promoting, distributing, and/or selling of the Kugel Patch for hernia repair surgery.

61. Plaintiff suffered severe emotional distress, which was as a result of Davol's and Bard's negligent conduct in failing to adequately and safely design and construct an effective and safe Kugel Patch for hernia repair surgery.

62. Therefore, Davol and Bard are liable to Plaintiff.

63. Davol's and Bard's conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Davol, Bard and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against Davol and Bard for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

**COUNT V**
**Intentional Infliction of Emotional Distress**

64. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

65. Defendants Davol and Bard are liable to Plaintiff for the intentional infliction of emotional distress in the following respect:

66. Plaintiff suffered severe emotional distress, which was as a result of Davol's and

Bard's extreme outrageous, intentional, willful, and reckless conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or sale of the Kugel Patch for hernia repair surgery.

67. Plaintiff suffered severe emotional distress, which was as a result of Davol's and Bard's extreme outrageous, intentional, willful, and reckless conduct in failing to adequately and safely design and construct an effective and safe Kugel Patch for hernia repair surgery, in complete and reckless disregard of safety to Plaintiff.

68. Therefore, Davol and Bard are liable to Plaintiff.

69. Davol's and Bard's conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Davol, Bard and others from similar conduct in the future.

**Wherefore**, Plaintiff requests a judgment against Davol and Bard for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

**<u>COUNT VI</u>**
**Breach of Implied Warranty**

70. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

71. Defendants Davol and Bard are liable to Plaintiff for their breach of implied warranty

in the following respect:

72. Davol and Bard sold the Kugel Patch which was implanted in Plaintiff. Davol and Bard impliedly warranted to Plaintiff, attending physicians, and the health care providers involved in purchasing and distributing Plaintiff's Kugel Patch, that it was of merchantable quality and safe for the use for which they were intended.

73. Davol and Bard knew or should have known that the Kugel Patch at the time of sale was intended to be used for the purpose of surgically implanting them into the body for hernia repair.

74. Plaintiff, attending physicians and the health care providers involved in purchasing and distributing Plaintiff's Kugel Patch, all reasonably relied on Davol's and Bard's judgment, indications and statements that the Kugel Patch was fit for such use.

75. When the Kugel Patches was distributed into the stream of commerce and sold by Davol and Bard, they were unsafe for their intended use, and not of merchantable quality, as warranted by Davol and Bard in that they had very dangerous propensities when used as intended and implanted into a patient's body where they could cause serious injury of harm or death to the end user.

76. Plaintiff suffered such injuries and damages as a result of Davol and Bard's conduct and actions.

**Wherefore**, Plaintiff requests a judgment against Davol and Bard for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate

## COUNT VII

**Failure to Warn**

77. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

78. In the course of business, Davol and Bard designed, manufactured and sold the Kugel Patch for hernia repair surgeries.

79. At the time of the design, manufacture and sale of the Kugel Patch, and more specifically at the time Plaintiff received the Kugel Patch, they were defective and unreasonably dangerous when put to their intended and reasonably anticipated use. Further the Kugel Patches were not accompanied by proper warnings regarding significant adverse consequences associated with the Kugel Patch.

80. Bard and Davol failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the products involved significant dangers not readily obvious to the ordinary user of the products. Bard and Davol failed to warn of the known or knowable injuries associated with malfunction of the Kugel Patch, including but not limited to rupture of the Patch and severe peritonitis and infection which would require subsequent surgical procedures and could result in severe injuries.

81. The dangerous and defective conditions in the Kugel Patches existed at the time they were delivered by the manufacturer to the distributor. At the time of Plaintiff's implantation surgery the Kugel Patch was in the same condition as when manufactured, distributed and sold.

82. Plaintiff did not know at the time of use of the Composix Kugel Patch, nor at any time prior thereto, of the existence of the defects in the Patches.

83. Plaintiff suffered the aforementioned injuries and damages as a direct result of Davol and Bard's failure to warn.

84. The conduct of Bard and Davol in continuing to market, promote, sell and distribute the Composix Kugel Patch after obtaining knowledge that the products were failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an award in such sum which will serve to deter Bard, Davol and others from similar conduct.

**Wherefore**, Plaintiff respectfully requests judgment against Davol and Bard for such amount as the Court shall determine to be fair and reasonable, and such other relief as may be fair and reasonable under the circumstances and for court costs and litigation expenses.

**COUNT VIII**
**Constructive Fraud**

85. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

86. Defendants, while in possession of unique and pertinent information involving the safety and mechanical reliability of its Kugel Composix Hernia Patches, presented its Kugel Composix Hernia Patches as mechanically sound and failed to warn of its inherent design and/or manufacturing defects. Defendants suppressed this information and continued sales and marketing of its product to the general public. Defendants knew or should have known Plaintiff had no means, other than Defendant's full, accurate, and objective disclosure, of obtaining the relevant information.

87. Through their unique knowledge and expertise regarding the affected nature of the Kugel Composix Hernia Patches, and through their statements to physicians and their patients in

advertisement, promotional materials, and other communications, Defendants professed and affirmed to the Plaintiff their knowledge of the truth of the representation that the Kugel Composix Hernia Patches were safe for their intended use and were free from design and/or manufacturing defects.

88. Defendants' misrepresentations and omissions were made intentionally to induce Plaintiff to purchase Defendants' Kugel Composix Hernia Patches, in order to reap the high profit margin relating to the Kugel Composix Hernia Patches.

89. Defendant's conduct took unconscionable advantage of its dominant position of knowledge, engaging in constructive fraud in its relationship with Plaintiff. Misled by this veil of fraud, the Plaintiff reasonably relied on Defendant's representations.

**Wherefore**, Plaintiff respectfully requests judgment against Davol and Bard for such amount as the Court shall determine to be fair and reasonable, and such other relief as may be fair and reasonable under the circumstances and for court costs and litigation expenses.

## COUNT IX
## Misrepresentation by Omission

90. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

91. Defendants misrepresented the mechanical soundness and reliability of the Kugel Composix Hernia Patches to the general public through promotional and marketing campaigns. Defendants continued this misrepresentation for an extended period of time, without disclosing material information regarding the defective, hazardous, and harmful complications relating to the Kugel Composix Hernia Patches.

92. Defendants took advantage of the limited ability Plaintiff had to discover Defendants'

strategic and intentional concealment of the defects in their Kugel Composix Hernia Patches.

93. Defendants concealed these design and/or manufacturing defects from the public by withholding information pertaining to the inherent design and/or manufacturing defects and high risks of failure relating to the Kugel Composix Hernia Patches, and presenting the devices as sound and reliable.

94. Defendants' intentional misrepresentations and omissions were made willfully, wantonly or recklessly to Plaintiff, the public at large, and Plaintiff's surgeons to induce the purchase of Defendants' Kugel Composix Hernia Patch over other hernia mesh repair systems on the market.

95. Defendants knew or should have known of the high risk the Plaintiff would encounter by unwittingly agreeing to have implanted one of Defendants' defectively designed and/or manufactured Kugel Composix Hernia Patches.

**Wherefore**, Plaintiff requests a judgment against Davol and Bard for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

**PLAINTIFF REQUESTS A TRIAL BY JURY**

**ON ALL COUNTS.**

Plaintiff, Melissa Mobley,
By Plaintiff's Attorneys,



Neville Bedford, Local Counsel

The Heritage Building
321 South Main St. - 5th Floor
Providence RI 02903-7108
tel. 401-709-4328
fax 401-633-6822
<nevillebedford@gmail.com>

Dated: